OPINION
Appellant Adam McClure appeals the decision of the Court of Common Pleas, Morrow County, classifying him as a sexual predator pursuant to R.C. 2950.09(C). The relevant facts leading to this appeal are as follows. In 1995, appellant pled guilty to two counts of gross sexual imposition, one count of corruption of a minor, and one count of attempted felonious sexual penetration. Appellant was thereupon sentenced as follows:
 On the offense of attempted felonious sexual penetration, appellant was sentenced to four to fifteen years of incarceration. On the remaining three offenses, appellant was sentenced to a definite term of one year on each count, with said three counts to be served concurrently, but consecutively to the attempted felonious sexual penetration sentence.
In January 29, 2001, the trial court ordered appellant to appear for a sexual predator classification hearing, which was conducted on April 24, 2001. On that same date, the trial court issued an entry establishing appellant as a sexual predator.
The trial court appointed counsel for purposes of appeal on May 22, 2001. Appellant herein raises the following sole Assignment of Error:
 I. THE TRIAL COURT ERRED WHEN IT FOUND DEFENDANT TO BE A SEXUAL PREDATOR BY CLEAR AND CONVINCING EVIDENCE.
 I
In his sole Assignment of Error, appellant maintains the trial court erred when it classified him a sexual predator because the finding is against the manifest weight of the evidence. We disagree.
In State v. Cook (1998), 83 Ohio St.3d 404, the Ohio Supreme Court determined that R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review the Assignment of Error under the standard of review contained in C.E. Morris Co. v. Foley Construction
(1978), 54 Ohio St.2d 279. Under this standard, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. Id. at syllabus. R.C. 2950.01(E) defines "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(2) sets forth the relevant factors a trial court is to consider in making its determination:
 (2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
In classifying appellant a sexual predator, the trial court sub judice
considered the above factors, indicating in the record the court's particular concern about the involvement of multiple victims, the young age of the victims, and the existence of a pattern of abuse. During the classification hearing, the state called Shirley Murphy, a former felony and sex offender investigator for the Morrow County Sheriff's Department. She testified that the two victims involved in the 1995 offenses were twelve and thirteen years old, respectively, at the time. The court also took judicial notice of the pre-sentence investigation ("PSI"), over appellant's objection. According to the PSI, the sexual contact between appellant and the two minor females took place several times between December 1, 1994 and January 25, 1995, and included acts of digital vaginal penetration and cunnilingus performed by appellant, as well as appellant's encouragement of the victims engaging in oral sex with him. The PSI also reported that appellant admittedly was sometimes under the influence of alcohol when in the victims' residence, and further threatened the victims to prevent them from reporting the offenses.
Based on the record, we find the trial court considered the elements set forth in R.C. 2950.09(B)(2), and that there was competent, credible evidence to support the findings made by the trial court following the April 24, 2001 hearing. We further find that the evidence presented to the trial court at the hearing supports the finding that appellant is a sexual predator and is likely to engage in the future in one or more sexually oriented offenses. Appellant's Assignment of Error is overruled.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Morrow County, Ohio, is affirmed.
Costs are assessed to appellant.
Hon. William B. Hoffman, P. J. Hon. Sheila G. Farmer, J. Hon. John W. Wise, J. concur.